**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1785
_____

ALAN GREENBERG,
                              Appellant

v.

*CHESTER DOWNS AND MARINA LLC, d/b/a Harrah's Philadelphia; MICHAEL
GAINES, Individually in his capacity as corporal for the Pennsylvania State Police;
WILLIAM SHORES, Individually in his official capacity as trooper for the Pennsylvania
State Police; JOHN DOES 1-10

*(Dismissed pursuant to Court Order dated 11/15/16)
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-04796)
District Judge: Honorable R. Barclay Surrick

_____


Submitted under Third Circuit LAR 34.1(a)
on March 31, 2017

Before:  VANASKIE, KRAUSE, and RESTREPO, *Circuit Judges*

(Opinion filed: June 5, 2017)

_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Alan Greenberg challenges the District Court's grant of summary judgment in favor of the two police officers who he asserts wrongfully seized him in violation of the Fourth Amendment. Because we agree with the District Court that the officers had probable cause to seize Greenberg, we will affirm.

## I.  Background

The incident at issue began when Greenberg was playing poker at Harrah's Casino and redeemed $300 worth of chips, but mistakenly was given $400 in cash instead. Greenberg returned to Harrah's the next day and was approached by a security guard, who informed Greenberg that he was overpaid the previous night and that the overpayment was captured on a surveillance video. Greenberg responded that he did not recall being overpaid and would make restitution if that were the case, but he requested to see the video to confirm the alleged overpayment. The security guard refused and told Greenberg he would be arrested if he did not return the $100. When Greenberg persisted in demanding that he first be given access to the surveillance video because he did not believe he had been overpaid, two State Police Officers, Appellees Corporal Michael Gaines and Trooper William Shores (the "Officers") were called to the scene.

Before the Officers spoke with either the security guard or Greenberg, Corporal Gaines was informed by a Harrah's surveillance employee that a casino patron had been overpaid $100, that surveillance footage documented the overpayment, that the patron refused to return the money to security personnel who had requested reimbursement, and that Harrah's wished to pursue charges. The Officers then conferred with the security guard who identified Greenberg as the patron in question, reiterated that Greenberg had been overpaid $100, and confirmed that she had requested Greenberg repay the overcharge and that he refused.

Having gathered this information, the Officers identified themselves to Greenberg as Pennsylvania State Police Officers, advised Greenberg that they were informed he had been overpaid by $100, and told him to repay the money or he would be arrested. When Greenberg then asked why he would be arrested, the Officers responded "[t]heft by overpayment" and gave him ten seconds to either pay or go to jail. App. 31a. Greenberg again requested to see the surveillance video but was told he would have to take that up with Harrah's. When Greenberg responded by asking the Officers if they had seen the video, the Officers told him to "[t]urn around," which Greenberg understood to mean they were arresting him. App. 31a. At that point, Greenberg handed the security guard $100, and the Officers left the casino.

Greenberg filed suit asserting a claim of wrongful seizure in violation of the Fourth Amendment.[1]  After discovery, the Officers moved for summary judgment, arguing that Greenberg had not established the elements of his claim because they had probable cause to arrest him and, in the alternative, that they were entitled to qualified immunity.  The District Court granted that motion, agreeing with Greenberg that he had been seized,[2] but concluding that the Officers had probable cause to seize him and thus that no constitutional violation had occurred.[3]  Greenberg now appeals.

## II.   Discussion[4]

Greenberg argues that the District Court erred in its grant of summary judgment because the Officers did not have probable cause to arrest him under 18 Pa. Cons. Stat.

---

[1] We address only the District Court's denial of Greenberg's claim that the Officers seized his person in violation of the Fourth Amendment because that is the sole claim raised by Greenberg on appeal.  Greenberg has not challenged the District Court's resolution of other claims he raised against the Officers or of the claims he raised as to other defendants.

[2] The District Court held that the Officers' threat to arrest Greenberg and order that he "turn around" constituted a Fourth Amendment seizure.  District Ct. Op. 11.  As neither party takes issues with that ruling, we will assume, without deciding, that Greenberg was seized within the meaning of the Fourth Amendment.

[3] An officer is entitled to qualified immunity unless the plaintiff can demonstrate facts showing that "(1) the [officers] violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 745 (2011).  Thus, in concluding there was no constitutional violation, the District Court appears to have granted summary judgment in favor of the Officers both on the merits and on the first prong of qualified immunity.

[4] The District Court had jurisdiction to hear this case under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

4

§ 3924.[5]  We disagree, and will affirm the grant of summary judgment in the Officers' favor.

As the District Court observed in its detailed and thorough opinion, probable cause requires only that "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested," *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995), and we have held that "knowledge of a credible report from a credible eyewitness" is "sufficient[] [to] establish[] probable cause," *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 & n.8 (3d Cir. 2000).

Here, the elements of "[t]heft of property lost, mislaid, or delivered by mistake" under Section 3924 are: (1) the defendant "came into control of property of another"; (2) he "knew that the property had been lost, mislaid, or misdelivered"; (3) he "intended to deprive the owner of the property"; and (4) he "failed to take reasonable efforts to return the property." *Commonwealth v. Willard*, No. 1820 WDA 2013, 2015 WL 7458890, at *5 (Pa. Super. Mar. 5, 2015).  Given the information presented to the Officers by Harrah's employees—that Greenberg had been overpaid, that the overpayment had been captured on video, and, despite having been told that he was overpaid, that Greenberg

---

[5] Section 3924 provides:

> [a] person who comes into control of property of another that he knows to have been lost, mislaid, or delivered under a mistake as to the nature or amount of the property or the identity of the recipient is guilty of theft if, with intent to deprive the owner thereof, he fails to take reasonable

5

refused to return the overpayment—the District Court correctly held that a reasonable officer would conclude "an offense has been or is being committed by the person to be arrested." *Orsatti*, 71 F.3d at 483.

On appeal, Greenberg does not dispute that the Officers were reasonable in their belief that he had come into control of the casino's property and had failed to take reasonable efforts to return it.[6] Rather, he contends that because he could not view the surveillance video, the Officers had no basis to believe that he "kn[e]w" he was overpaid or had the requisite intent to unlawfully keep the casino's property. Appellant's Br. 18. But this argument conflates the proof that would be necessary to convict at trial with the significantly lower threshold necessary to support a finding of probable cause. *See Reedy v. Evanson*, 615 F.3d 197, 211 (3d. Cir. 2010). Having been informed by Harrah's surveillance employees and the security guard that Greenberg had been advised he was overpaid and nonetheless refused to return the overpayment, the Officers could reasonably infer that Greenberg knew that he possessed the casino's money and unlawfully intended to keep it. *See Merkle*, 211 F.3d at 789-91. And the Officers even went a step further and themselves informed Greenberg that, according to surveillance

_____

measures to restore the property to a person entitled to have it.
[6] Greenberg does not renew the argument he raised in the District Court that the Officers lacked probable cause to seize him because they did not personally view the surveillance video. Even if he did make this argument, the District Court was correct in its analysis that the Officers were permitted to rely on the information provided to them by Harrah's employees and were "not required to undertake an exhaustive investigation in order to validate the probable cause that, in [their] mind, already existed." *Merkle*, 211 F.3d at 790 n.8.

personnel, he had been overpaid; even then, however, Greenberg would not return the overpayment. Under these circumstances, the Officers had probable cause to believe Greenberg possessed the knowledge and intent required under Section 3924.[7]

Greenberg also objects that it was improper for Harrah's to "enlist[] . . . the police to settle an[] otherwise non-violent civil disagreement over $100 when Greenberg merely asked for the substantiating known video to so confirm" and that the police "should not 'pick sides.'" Appellant's Br. 20. However, this complaint goes to Harrah's business practices, not the Constitution. It might be preferable in many respects, including the efficient use of both law enforcement and judicial resources, for Harrah's to allow patrons in Greenberg's position to confirm the overpayment via surveillance video and then voluntarily make repayment instead of denying patrons that opportunity and requiring the involvement of the police. But under the law, "a credible report from a credible eyewitness" is "sufficient[] [to] establish[] probable cause," *Merkle*, 211 F.3d at 790 & n.8, and no constitutional violation occurred when the Officers relied on such a report here.

## III.   Conclusion

For the reasons stated above, we will affirm the judgment of the District Court.

---

[7] In his reply brief, Greenberg also argues the Officers could not lawfully arrest him because a separate provision, 18 Pa. Cons. Stat. § 3904, only authorizes warrantless arrests for felonies. Section 3904, however, authorizes warrantless arrests with probable cause for all grades of theft, not just felonies. *Wright v. City of Phila.*, 409 F.3d 595, 601 (3d Cir. 2005).